UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff/Respondent,

v.                                     Criminal Case No. 15-20262
                                        Civil Case No. 19-10239

Charles Albert Walker,              Sean F. Cox
                                             United States District Court Judge

    Defendant/Petitioner.
_____/

## OPINION AND ORDER DENYING WALKER'S MOTION UNDER 28 U.S.C. § 2255 AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Acting *pro se*, Petitioner Charles Albert Walker filed this habeas petition pursuant to 28 U.S.C. § 2255, asserting that he is entitled to relief from his convictions on three counts of aiding and abetting bank robbery, in violation of 18 U.S.C. § 2113(a), and two counts of using a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). Walker argues that he is entitled to relief because § 924(c)(3)'s residual clause is unconstitutionally vague. Because the files and records of the case conclusively show that Walker is not entitled to habeas relief, an evidentiary hearing is not necessary and the matter is ripe for the Court's decision. For the reasons below, the Court will deny the motion and decline to issue a certificate of appealability.

### BACKGROUND

Over the course of a few months, Walker and his co-defendant robbed three Detroit-area banks at gun-point, making off with just over $190,000. After leading police on a high-speed chase,

Walker was arrested and indicted on bank robbery and gun charges. (ECF No. 41).

On February 24, 2016, Walker pleaded guilty, pursuant to a Rule 11 plea agreement, to three counts of aiding and abetting bank robbery, in violation of 18 U.S.C. § 2113(a), and two counts of using a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). (ECF No. 53). On July 8, 2016, the Court sentenced Walker to a total term of imprisonment of 462 months. (ECF No. 68).

On July 21, 2016, Walker filed a notice of appeal. (ECF No. 69). On June 29, 2017, the United States Court of Appeals for the Sixth Circuit dismissed Walker's appeal because of the appellate waiver contained in Walker's Rule 11 plea agreement. (ECF No. 83).

On January 23, 2019, Walker filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (ECF No. 96). In his motion, Walker argues that § 924(c)(3)'s definition of "crime of violence" is unconstitutionally vague because it contains a "residual clause" that is identical to those invalidated by the Supreme Court in *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018) and *Johnson v. United States*, 135 S.Ct. 2551 (2015). In passing, Walker also argues that he "may be entitled to some form of general relief" under the newly enacted First Step Act. (ECF No. 96, PageID 597).

On March 25, 2019, the Government filed a response in opposition to Walker's motion. The Government argues that motion should be denied for two reasons. First, the Government contends that the motion is untimely. Second, the Government argues that the constitutionality of § 924(c)(3)'s residual clause is irrelevant to this case because the underlying predicate offense—bank robbery in violation of 18 U.S.C. § 2113(a)—is a crime of violence under § 924(c)(3)'s elements clause and therefore still qualifies as a crime of violence. The Government also argues that the First

Act does not apply retroactively.

## STANDARD OF REVIEW

Walker's motion is brought pursuant to 28 U.S.C. § 2255, which provides:

> A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence imposed was in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255. To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

Defendants seeking to set aside their sentences pursuant to § 2255 have the burden of establishing their case by a preponderance of the evidence. *McQueen v. U.S.*, 58 Fed. App'x 73, 76 (6th Cir. 2003). When a defendant files a § 2255 motion, he or she must set forth facts establishing entitlement to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *Green*, 454 F.2d at 53; *O'Malley*, 285 F.2d at 735 (citations omitted).

## ANALYSIS

Even if Walker's petition is timely, it is meritless because (1) his underlying offense—bank robbery—is a crime of violence under 18 U.S.C. § 924(c)(3)'s elements clause, and (2) the Court is unable to discern how the First Step Act entitles Walker to habeas relief.

### I. Bank Robbery is a Crime of Violence under 18 U.S.C § 924(c)(3)'s Elements Clause

18 U.S.C § 924(c) criminalizes the use or carrying of a firearm "during and in relation to any crime of violence." The statute defines a "crime of violence" as an offense that is a felony and "(A) has as an element the use, attempted us, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). Subpart (A) of this definition is known as the "elements clause," and subpart (B) is known as the "residual clause." *United States v. Davis*, 139 S.Ct. 2319, 2324 (June 24, 2019).

Walker's argument that *Dimaya* and *Johnson* cast doubt on the constitutionality of § 924(c)(3)'s residual clause is well-taken. In fact, the Supreme Court recently held that § 924(c)(3)'s residual clause *is* unconstitutionally vague. *See Davis*, 139 S.Ct. at 2336. However, the invalidation of the residual clause is no victory for Walker. His underlying crime of violence was bank robbery and, as the Sixth Circuit has recognized, "[a] necessary element of bank robbery is the use of 'force and violence' or 'intimidation.'"*United States v. Henry,* 722 Fed.App'x 496, 500 (6th Cir. 2018) (citing 18 U.S.C. § 2113(a)). Accordingly, bank robbery in violation of 18 U.S.C. 2113(a) qualifies as a crime of violence under § 924(c)(3)'s elements clause. *Id.; see also United States v. Jackson,* 918 F.3d 467, 486 (6th Cir. March 12, 2019); *In re Pollard*, – F.3d –, 2019 WL 3451173 at *3 (11th Cir. July 31, 2019) (finding that a petitioner was not likely to show that *Davis* has invalidated his

4

sentence because he had been convicted of armed bank robbery, which is a crime of violence under the elements clause); *Johnson v. United States*, – Fed.App'x –, 2019 WL 3491233 (8th Cir. Aug. 1, 2019) (Mem.) (in a post-*Davis* case, holding that aiding and abetting bank robbery qualifies as a crime of violence under the elements clause); *United States v. Kornacki*, 2019 WL 3530833 at *2 (E.D. Mich. Aug. 2, 2019). Thus, Walker's § 924(c) convictions remain valid, even in the wake of *Davis*.

## II.     The Court Cannot Discern How The First Step Act Entitles Walker to Habeas Relief

At the end of his motion, Walker adds:

Also with the United States just passing new law "THE FIRST STEP ACT" / The Criminal Justice Reform Act" [t]he Petitioner Mr. Walker would also say he may be entitled to some form of general relief under these new laws and new standards that the courts will be using daily in sentencing offends [sic] from now on."

(ECF No. 96, PageID 597).

"[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). Walker does not articulate, and the Court is unable to discern, how the First Step Act entitles him to habeas relief. Accordingly, this argument is waived for the purposes of this habeas petition.[1]

## III.    Certificate of Appealability

---

[1] Moreover, to the extent that Walker actually alleges an error, it would be non-constitutional and he has not shown a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson*, 165 F.3d at 488. Accordingly, Walker is not entitled to habeas relief on this ground.

5

For the reasons above, the Court concludes that Walker is not entitled to habeas relief.

A certificate of appealability must issue before Walker may appeal the Court's denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B); FED. R. APP. P. 22(b).

28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may issue only if a petitioner makes a substantial showing of the denial of a constitutional right. As the Supreme Court has explained this standard:

> . . . the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.

*Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). As the Court has stated, "[w]here a district court has rejected the constitutional claim on the merits, the showing required to satisfy 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

If a certificate of appealability is issued by a district court, it must indicate which specific issue or issues satisfy the required showing. 28 U.S.C. § 2253(c)(3).

Here, Walker's § 2255 motion raised two arguments for relief. The Court concludes that reasonable jurists would not find the Court's assessment of Walker's claims debatable or wrong. The Court shall therefore decline to issue a certificate of appealability.

## CONCLUSION AND ORDER

For the reasons stated above, the Court **DENIES** Walker's § 2255 Motion.

**IT IS FURTHER ORDERED** that the Court **DECLINES TO ISSUE A CERTIFICATE OF APPEALABILITY**.

**IT IS SO ORDERED**.

                                                  s/Sean F. Cox
                                                  Sean F. Cox
                                                  United States District Judge

Dated: August 30, 2019