UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                          Case No. 15-20262

Charles Albert Walker,            Sean F. Cox
                                                 United States District Court Judge

    Defendant.
_____/

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE WITHOUT PREJUDICE

On May 19, 2020, Defendant filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1). (ECF No. 109). In response, the Government argues that Defendant has failed to exhaust his administrative remedies or wait the 30 days necessary to comply with 18 U.S.C. § 3582(c)(1)(A). (ECF No. 111).

18 U.S.C. § 3582(c)(1)(A) allows a criminal defendant to move to modify his term of imprisonment "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" The United States Court of Appeals for the Sixth Circuit recently examined the nature of these requirements for a defendant's motion for compassionate release. In *United States v. Alam*, 960 F.3d 831 (6th Cir. June 2, 2020), the Sixth Circuit held that § 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement is a mandatory claim-processing rule. *Id*. at 833. If a defendant fails to

1

comply with this rule, and the Government timely objects to his motion on that basis, the Court must enforce the exhaustion requirement and deny the motion without prejudice. *Id*. at 834, 836. The Court may not craft an exception to this statutory exhaustion requirement. *Id*. at 834.

Here, Defendant alleges that gave his compassionate release request to his unit manager on April 5, 2020. However, the Government has provided documentation from the Bureau of Prisons, stating that it has not received a compassionate release request. (ECF No. 111-1). Given this contradiction, the Court concludes that Defendant has not satisfied his burden to show that he complied with § 3582(c)(1)(A) before he filed this motion. *See United States v. McDonald*, 2020 WL 3166741 at *3 (W.D. Tenn. June 8, 2020) ("The defendant bears the burden to show he has exhausted his administrative remedies[.]")

Because Defendant's motion does not comply with § 18 U.S.C. § 3582(c)(1)(A), the Court **DENIES** his motion for compassionate release **WITHOUT PREJUDICE**. *Alam*, 960 F.3d at 836. Defendant may file a new motion for compassionate release (1) after he properly submits a compassionate release request to his warden and fully exhausts his administrative rights to appeal an adverse decision, or (2) 30 days after his warden receives his compassionate release request.

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  July 9, 2020