**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

United States of America,

      Plaintiff,

v.                                                          Criminal Case No. 15-20262

Charles Albert Walker,                                      Sean F. Cox
                                                            United States District Court Judge
      Defendant.
_____/

**OPINION & ORDER**
**DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

In this criminal action, Defendant Charles Albert Walker was convicted of bank robbery

and related offenses and he is currently serving his prison sentence. The matter is before the

Court on Defendant's *pro se* Motion for Compassionate Release under 18 U.S.C. §

3582(c)(1)(A). The Court concludes that a hearing is not warranted and orders that the motion

will be decided based upon the briefs. As explained below, the Court shall DENY the motion.

**BACKGROUND**

Over the course of a few months, Defendant Charles Albert Walker and his co-defendant

robbed three Detroit-area banks – at gun-point – making off with just over $190,000. After

leading police on a high-speed chase, Walker was arrested and indicted on bank robbery and gun

charges.

Walker pleaded guilty, pursuant to a Rule 11 plea agreement, to three counts of aiding

and abetting bank robbery, in violation of 18 U.S.C. § 2113(a), and two counts of using a firearm

in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). This Court sentenced

Walker to a total term of imprisonment of 462 months. (*See* 7/21/16 Judgment).

Walker filed a direct appeal but the United States Court of Appeals for the Sixth Circuit dismissed the appeal based on the appellate waiver in his Rule 11 Plea Agreement.  (*See* ECF No. 83).

Walker then filed a Motion to Vacate Sentence, pursuant to 28 U.S.C. § 2255.  This Court denied that motion in an Opinion and Order issued on August 30, 2019.  Walker did not appeal that decision.

On August 10, 2021, Walker filed the instant *pro se* Motion for Compassionate Release. (ECF No. 114).  Defendant is currently incarcerated at Beaumont USP in Texas.  Walker is 34 years old and his projected release date is not until July 2, 2048.  Unlike the vast majority of compassionate release motions this Court has seen over the past two years, Walker's motion is not based upon concerns relating to the ongoing COVID-19 pandemic.  Rather, Walker argues that the extraordinary and compelling reasons that justify his release are that he "did not receive a fair and just sentence," that he would have received a lower sentence had Section 403 of the First Step Act regarding convictions pursuant to 18 U.S.C. § 924(c) been made retroactive, and that the "Sentencing Factors in relation to Petitioner's Case" warrant a reduced sentence.

The Government agrees that Walker has exhausted his administrative remedies but opposes the motion on the merits.  Its motion notes that Walker does not make COVID-19-based arguments for his release, but nevertheless advises the Court that Walker has been fully vaccinated.  It contends that Walker is not entitled to compassionate release because his arguments are foreclosed by several recent Sixth Circuit's decisions. The Government also argues that a consideration of the § 3553(a) factors weighs against a sentence reduction.

2

**ANALYSIS**

"Sentence modifications are the exception, not the rule.  This is because 'a judgment of conviction that includes a sentence [of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances.'" *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (citations omitted).  "One exception to the rule of finality is set forth in what is colloquially known as the 'compassionate release' statute." *Id*.

"The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances. 18 U.S.C. § 3582(c)(1)(A)." *United States v. Michael Jones*, 980 F.3d 1098, 1100 (6th Cir. Nov. 20, 2020).  "The passage of the First Step Act in 2018 expanded access to compassionate release by allowing inmates to bring compassionate-release motions on their own behalf." *United States v. Elias*, 984 F.3d. 516, 520 (6th Cir. 2021).

The compassionate release statute allows a district court to reduce a defendant's sentence if it finds that (1) "extraordinary and compelling reasons" warrant a reduction, (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the § 3553(a) factors, to the extent applicable, support a reduction. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). When a defendant files for compassionate release on his or her own behalf, as Walker did here, no policy statement applies, so the second requirement plays no role. *United States v. Jones*, 980 F.3d at 1110.

As explained in *Hunter*, "the text and structure of § 3582(c)(1)(A) limit a district court's discretion to define 'extraordinary and compelling' in two ways" that are also relevant here.  *Id*. at 562.  "First, non-retroactive changes in the law, whether alone or in combination with other

personal factors, are not 'extraordinary and compelling reasons' for a sentence reduction. Second, facts that existed when the defendant was sentenced cannot later be construed as 'extraordinary and compelling' justifications for a sentence reduction." *Id.*

Here, Walker makes a "change in law argument" – that had Section 403 of the First Step act regarding convictions pursuant to 18 U.S.C. § 924(c) been made retroactive, he would have received a lower sentence. That argument is foreclosed by *Hunter*. "[N]on-retroactive changes in the law, whether alone or in combination with other personal factors, are not 'extraordinary and compelling reasons,' for a sentence reduction." *Hunter*, 12 F.4th at 562.

Walker also argues that he "did not receive a fair and just sentence" by this Court and stresses that "this is [his] very first serious offense sentence he has ever had. No prior criminal history before his 2015 conviction." (Def.'s Br. at 5). Such arguments, however, run "into a recently erected precedential roadblock," (*United States v. Lemons*, 15 F.4th 747, 750 (6th Cir. 2021)). That is because in *Hunter*, the Sixth Circuit held that where a defendant seeks a sentence reduction under § 3582(c)(1)(A)(I), "facts that existed when the defendant was sentenced cannot later be construed as 'extraordinary and compelling' justifications for a sentence reduction." *Hunter*, 12 F.4th at 562. Rather, the facts that existed at sentencing – such as the defendant's background and criminal history may only be considered as part of a district court's § 3553(a) analysis. *Id.* at 569.

Accordingly, Walker has not established extraordinary and compelling reasons for a sentence reduction.

In addition, even if he could, this Court concludes that a consideration of the § 3553(a) factors would weigh against granting compassionate release in this particular case in any event.

*United States v. Ruffin,* 978 F.3d 1000, 1008 (6th Cir. Oct. 26, 2020) ("Even when extraordinary and compelling reasons exist, the statute leaves district courts with discretion to deny relief under a balancing of the sentencing factors in 18 U.S.C. § 3553(a).").

The nature and circumstances of Walker's offenses *weigh strongly against* his release. Walker robbed bank branches at gunpoint. As this noted at sentencing, "[t]hese crimes are very, very troubling, very, very serious, and in particular it's very troubling that you threatened to kill the bank manager."  (ECF No. 71 at PageID.405).  "The horror that the individuals went through" during these bank robberies is something they will never recover from.  (*Id*.).  One victim came to court and spoke at Walker's sentencing:

> On Monday, April the 20th I helped my son get ready for school, dropped him off, told him I loved him, drove to work like every other day I've done for the last 12 years.
> Shortly after the office was open, I was standing in the lobby, laughing, socializing with my coworkers, who are really my second family.
> I looked at the front door and I saw two men enter single-file in security jackets and masks.  In my mind, I remember thinking it can't be real.  It must be some kind of an extreme training exercise.  The men walked in single-file, pulled semi-automatics from their waistbands, separated, and one went to the teller line and one went towards me, where a weapon was racked directly in my face.
> I was threatened repeatedly, told I was going to be killed if I didn't do exactly what I was told.  I was terrified as to what was going to happen to my staff, as well as the thought of my son growing up without a father.
> I was marched in the vault, and as we passed a window, I looked to the side and I saw the gun that was pointed directly to the back of my head.
> While inside the vault, myself and the head teller emptied all the money into a large clear bag.  Mr. Walker and his -- Mr. Walker's partner ran in and said, "Chuck, Chuck, they're coming.  Let's get out of here."
> From the minute they walked in to the minute they walked out it was 93 seconds.
> We locked the doors and waited for the police to arrive.  All seven employees acted very differently that day. All of them were impacted very different; some were crying hysterically, others were deathly silent.
> We stayed at the branch and waited for the crisis counselor to show up to talk to us before I could send my employees home to their families.  The counselor compared what we went through to soldiers suffering from

posttraumatic stress disorder, except that none of us had ever remembered enlisting.

A year went by and we were offered the opportunity today to come to court and give what was called a witness impact statement. I think personally I could write a book on the incident and what we had incurred that day.

The impact of April 20th is very strong and I was the only person that was willing to come forward today and to be heard. The rest of them were too afraid or too angry and couldn't even get their thoughts on paper.

I was impacted and that's why I'm here today. I felt the impact as I had to fill out medical forms for a 63-year-old grandmother that had a bruised sternum as she was pushed to the floor during the incident.

I felt the impact as I had to pack up the desk of a good friend of mine who worked right in front of me because he no longer felt safe to work in a bank.

I felt the impact when employees missed work to have to go to therapists and doctors to talk about the incident.

I felt the impact myself as I was prescribed Xanax for nerves and Ambien for sleep.

I felt the impact when I went to Gander Mountain and purchased my first firearm myself, feeling the need to protect myself and my family for a future incident.

I felt the impact every time a truck goes by or thunder hits or there's a loud noise that makes my staff jump.

I felt the impact every time I hear my staff talking about how they had nightmares about the robbery.

I felt the impact as a person who struggled with family issues and career, and the main thing is I'm just trying to regain a sense of optimism and free spirit and be able to see the good in people again, which 93 seconds really affected, you know, the seven of us that I can speak for at my banking center.

(*Id*. at PageID.399-402).

Walker has served less than twenty percent of his sentence for these very serious and troubling offenses and his long remaining sentence also weighs against his release. This is because the original sentence imposed by this Court reflects this Court's evaluation of the need to provide just punishment and the need to promote respect for the law.

This Court does not believe that releasing Walker decades early would promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from further crimes of Defendant. In sum, this Court finds that Defendant Walker is not an

6

appropriate candidate for the extraordinary remedy of compassionate release.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion for

Compassionate Release is **DENIED.**

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  November 9, 2021